HON. TIMOTHY W. DORE
Chapter 7
Location: Seattle
Hearing Date: October 4, 2019
Hearing Time: 9:30 a.m.
Response Date: September 27, 2019

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>KIM C. KERRIGAN,<br><br>Debtor(s). | Case No. 19-11828-TWD<br><br>**NOTICE OF AMENDED MOTION AND AMENDED MOTION ON BAYVIEW'S REQUEST FOR RELIEF FROM AUTOMATIC STAY** |

PLEASE TAKE NOTICE that Bayview Loan Servicing's motion seeking relief from the automatic stay IS SET FOR HEARING AS FOLLOWS:

**HON. TIMOTHY W. DORE**

**Hearing Date: October 4, 2019**

**Hearing Time: 9:30 a.m.**

**Hearing Location: Courtroom 8106 (700 Stewart St. 8th Floor, Seattle, Washington)**

**Response Date: September 27, 2019**

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned and **NOT LATER THAN THE RESPONSE DATE, which is September 27, 2019**. If you file a response you are also required to appear at the hearing.

**IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT**

AMENDED MOTION FOR RELIEF FROM
AUTOMATIC STAY - 1
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 1 of 13

**FURTHER NOTICE, AND STRIKE THE HEARING.**

## I. INTRODUCTION

This Court should grant relief of the automatic stay because Debtor Kim Kerrigan (Kerrigan)'s latest bankruptcy filing is filed solely for the purpose of delaying Bayview Loan Servicing LLC ("Bayview")'s right to proceed with foreclosure proceedings, and as such constitutes an impermissible abuse of the bankruptcy system. For the last three years, Kerrigan has delayed and hindered Bayview's right to foreclosure proceedings by re-filing a federal court case, that was dismissed in the second bankruptcy, and on appeal, and then in an objection to a claim that was rejected in the bankruptcy court and is now on appeal. This is Kerrigan's third *recent* bankruptcy, all intended to delay and frustrate Bayview's creditor's rights. Her scheme to delay Bayview's proceedings is underscored by the fact that her first bankruptcy was dismissed for failure to follow deadlines and her second was dismissed for failure to follow the plan. Now, after her counsel has reviewed Bayview's response brief in her *third* appeal concerning the underlying property after which her counsel withdrew, Kerrigan has filed her third bankruptcy. The stay associated with that bankruptcy should be lifted so Bayview can rightfully proceed with the relief made possible by at least four other courts.

## II. EVIDENCE RELIED ON AND RELIEF SOUGHT

In accordance with Local Rules W.D. Wash. Bankr. 40001-1, this Motion is supported by a Request for Judicial Notice, filed herewith, which includes the Excerpts of the Records and a Request for Judicial Notice filed in Support of Appellee's Answering Brief in BAP No. WW-18-1341. Further in accordance with Local Rule 40001-1, the real property address at issue is 8011 9th Ave NW, Seattle, Washington and a copy of Deed of Trust, the Assignment of the Deed of Trust to Bayview Loan Servicing, and the Note is located in RJN Ex. 1 [APP. 92-117] (filed herewith). Copies were also provided in this case at Dkt. 18-1. Relief from the stay is requested to allow: (1) the Bankruptcy Appellate Panel to rule on Kerrigan's third appeal in case number

AMENDED MOTION FOR RELIEF FROM
AUTOMATIC STAY - 2
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 2 of 13

BAP No. WW-18-1341; and (2) Bayview to proceed with foreclosure on the property, along with any other remedy reasonable and appropriate to collect the secured debt.

### III. STATEMENT OF FACTS

**A. Bayview Becomes the Beneficiary of Kerrigan's Mortgage After the WaMu Collapse and Receivership.**

Debtor Kimberly Kerrigan ("Kerrigan") was the owner of certain real property commonly known as 8011 9th Ave NW, Seattle, Washington ("Property").[1] On February 13, 2008, Kerrigan obtained a loan from Washington Mutual Bank ("WaMu") for $417,000.[2] She also executed a Multistate Fixed Rate Note ("Note") with the original lender, WaMu,[3] which was secured by a Deed of Trust ("Deed") listing Kerrigan as the borrower and WaMu as the lender.[4]

"In September 2008, the U.S. Office of Thrift Supervision seized [WaMu] and placed it into receivership with the FDIC." *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 717 F.3d 189, 190 (D.C. Cir. 2013). "At the same time, the FDIC entered into a Purchase and Assumption Agreement with J.P. Morgan, under which J.P. Morgan ["Chase"] agreed to purchase all of Washington Mutual's assets, including its subsidiaries, and certain of its liabilities." *Deutsche Bank Nat'l Trust Co.*, 717 F.3d at 190. Chase assigned the Deed to Bayview via a Corporate Assignment, which was recorded on January 15, 2014.[5]

---

[1] *See Kerrigan v. Bayview Loan Servicing, LLC (In re Kerrigan)*, BAP No. WW-17-1271-KuTaB, 2018 Bankr. LEXIS 3607 at *1 (B.A.P. 9th Cir. Nov. 7, 2018); *see also* Request for Judicial Notice in Support of Bayview Loan Servicing's Motion for Relief from Automatic Stay ("RJN") Ex. 1 [APP. 172 (Dkt. No. 97 - Soldato Decl. Ex. A].
[2] *See* RJN Ex. 1 [APP. 264 (Dkt. No. 98 - Haberlan Decl. ¶ 4)]; RJN Ex. 1 [APP. 25-41 (Dkt. 44-1, Ex. A, p. 2-18 - Deed of Trust)]; RJN Ex. 1 [APP. 43-45 (Dkt. 44-1, Ex. B, p. 20-22 - Note)]; *see also In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *1.
[3] RJN Ex. 1 [APP. 114-117 (Dkt. No. 92-7 - Paatalo Decl. Ex. 7)]; RJN Ex. 1 [APP. 127-129 (Dkt. No. 92-12 - Paatalo Decl. Ex. 12, p. 10-12 (Note)]; *see also* RJN Ex. 2 [Bayview RJN Ex. 3 (Dkt. No. 1-3 at p. 10 in Case No. 2:16-cv-01528-JCC)].
[4] RJN Ex. 1 [APP. 92-109 (Dkt. No. 92-5 - Paatalo Decl. Ex. 5)]; RJN Ex. 1 [APP. 131-146 (Dkt. No. 92-12 - Paatalo Decl. Ex. 12, p. 14-29 (Deed))]; RJN Ex. 1 [APP. 264 (Dkt. No. 98 - Haberlan Decl. ¶ 4)]; *see also* RJN Ex. 2 [Bayview RJN Ex. 2 (Dkt. No. 1-2 at 12 in Case No. 2:16-cv-01528-JCC)].
[5] RJN Ex. 1 [APP. 110-113 (Dkt. No. 92-6 - Paatalo Decl. Ex. 6)]; RJN Ex. 1 [APP. 147-149 (Dkt. No. 92-12 - Paatalo Decl. Ex. 12, p. 30-32 (Recorded Assignment))]; *see also In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *1 (B.A.P. 9th Cir. Nov. 7, 2018) ("Bayview is the assignee of the WAMU deed of trust."); Bayview RJN Ex 4 (Dkt. No. 1-4 in Case No. 2:16-cv-01528-JCC at p. 8 ("Assignment of Deed of Trust")).

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 3
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 3 of 13

On March 12, 2015, Bayview appointed Quality as successor trustee,[6] and Quality subsequently recorded a Notice of Trustee's Sale (NOTS) scheduled for August 26, 2016.[7] In the "Notice of Foreclosure," attached to the Notice of Trustee's sale, the trustee identified Bayview as the holder and beneficiary of obligation secured by the Deed.[8]

**B.     Kerrigan Sued Bayview, Alleging Federal Claims.**

To avoid the inevitable foreclosure, Kerrigan filed her first lawsuit in King County Superior Court *three days before the scheduled sale*—on August 23, 2016—and alleged that Bayview's attempt to enforce the NOTS and collect payments was barred by the statute of limitations.[9] In doing so, she admitted that she "has not made payments on this purported obligation."[10] Kerrigan further alleged that attempts to enforce the NOTS violated the Washington Collection Agency Act ("WCAA"); the federal Fair Debt Collection Practices Act ("FDCPA"), and the Washington Consumer Protection Act ("CPA").[11] Notably, Kerrigan did not argue that the foreclosure sale itself was time-barred, but that the foreclosure was an error because it sought three months of payments that Kerrigan believed to be time-barred.[12] She also claimed that the Deed of Trust should be deemed "outlawed" and argued that Bayview might not be the proper beneficiary.[13]

**C.     The District Court and the Ninth Circuit Rejected Kerrigan's Arguments.**

On September 30, 2016, Defendants timely removed the case to District Court ("**District**

---

[6] RJN Ex. 2 [Bayview RJN Ex 4, p. 5. (Dkt. No. 1-4 in Case No. 2:16-cv-01528-JCC (Appointment of Successor Trustee))].
[7] RJN Ex. 1 [APP. 174 (Dkt. No. 97 - Soldato Decl. Ex. A, ¶¶ 5.4, 5.2)]; *see also* RJN Ex. 2 [Bayview RJN Ex 3 (Dkt. No. 1-3 in Case No. 2:16-cv-01528-JCC at p. 27-30 (Notice of Trustee's Sale))].
[8] RJN Ex. 2 [Bayview RJN Ex 4 (Dkt. No. 1-4 in Case No. 2:16-cv-01528-JCC at p. 3 ("Notice of Foreclosure") ("The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to…Freddie Mac…owner of the obligation secured by your Deed of Trust, ***which is currently held on behalf of the owner by Bayview Loan Servicing, LLC, the current Beneficiary***.")) (emphasis added)].
[9] RJN Ex. 1 [APP. 172-190 (Dkt. No. 97 - Soldato Decl. Ex A) ("Complaint"))]; *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *1-2 (B.A.P. 9th Cir. Nov. 7, 2018).
[10] RJN Ex. 1 [APP. 176 (Dkt. No. 97 - Soldato Decl. Ex A ¶ 5.12)].
[11] RJN Ex. 1 [APP. 176-187 (Dkt. No. 97 - Soldato Decl. Ex A ¶¶ 6.1-6.55)].
[12] RJN Ex. 1 [APP. 176 (Dkt. No. 97 - Soldato Decl. Ex A, ¶ 6.3)].
[13] RJN Ex. 1 [APP. 185, 188 (Dkt. No. 97 - Soldato Decl. Ex A, ¶ 6.41; 'Relief Requested' ¶ 2)].

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 4
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 4 of 13

**Court/Ninth Circuit Action**") and then moved to dismiss with prejudice, arguing that Washington law undisputedly tolled the statute of limitations during the pendency of non-judicial foreclosures.[14] In response, Kerrigan did not dispute the tolling or request leave to amend, and only argued that the District Court should certify the Washington appellate case law holding that the six-year limitations was tolled to the Washington Supreme Court.[15] On December 6, 2016, the District Court rejected her arguments and dismissed all claims against Bayview with prejudice.[16] Accordingly, that same day, the District Court entered judgment in favor of Defendants.[17]

Shortly thereafter, on January 3, 2017, Kerrigan moved for an altered judgment.[18] Kerrigan attached an expert declaration that contained new argument that "the loan was never sold to the FDIC or then sold again to JP Morgan Chase,"[19] and that "everything following this statement [that Chase was successor in interest by purchase from the FDIC as receiver of WaMu] in the chain of title is fictitious and the documents are of no effect."[20] Kerrigan also requested leave to amend the complaint, for the first time, to add issues of alleged fraud raised in her expert's declaration.[21] On January 27, 2017, the District Court rejected Kerrigan's motion, reasoning that Kerrigan's untimely introduction of new evidence "to create an entirely new liability is improper and does not warrant an amended judgment."[22]

---

[14] *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *1 (B.A.P. 9th Cir. Nov. 7, 2018); *see also* RJN Ex. 2 [Bayview RJN Ex 6 (ER 58-64 in Ninth Circuit Case No. 17-35174 (Bayview Loan Servicing's Motion to Dismiss))].
[15] RJN Ex. 2 [Bayview RJN Ex 5 (ER 6 in Ninth Circuit Case No. 17-35174 (Order Granting Defendants' Motion to Dismiss))].
[16] *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *1 (B.A.P. 9th Cir. Nov. 7, 2018); *see also* RJN Ex. 2 [Bayview RJN Ex 5 (ER 2-9 in Ninth Circuit Case No. 17-35174 (Order Granting Defendants' Motion to Dismiss))].
[17] RJN Ex. 2 [Bayview RJN Ex 7 (ER 106 in Ninth Circuit Case No. 17-35174 (Judgment in a Civil Case))].
[18] *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *3-4 (B.A.P. 9th Cir. Nov. 7, 2018); *see also* RJN Ex. 2 [Bayview RJN Ex 8 (ER 107-117 in Ninth Circuit Case No. 17-35174 (Motion for Post Judgment Relief))].
[19] RJN Ex. 2 [Bayview RJN Ex 9 (ER 123-24 in Ninth Circuit Case No. 17-35174 (Expert Report of Cyndee Rae Estrada) at ¶ 8)].
[20] RJN Ex. 2 [Bayview RJN Ex 9 (ER 126 in Ninth Circuit Case No. 17-35174 (Expert Report of Cyndee Rae Estrada) at ¶ 20)].
[21] *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *3-4 (B.A.P. 9th Cir. Nov. 7, 2018); *see also* RJN Ex. 2 [Bayview RJN Ex 8 (ER 116-117 in Ninth Circuit Case No. 17-35174 (Motion for Post Judgment Relief))].
[22] *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *4 (B.A.P. 9th Cir. Nov. 7, 2018); *see also* RJN Ex. 2 [Bayview RJN

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 5
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 5 of 13

Kerrigan then appealed to the Ninth Circuit.[23] After a full appellate briefing, on June 29, 2018, the Ninth Circuit affirmed the dismissal of claims against Bayview and held that Kerrigan had no claims under the Note or DOT.[24] It also explicitly "reject[ed] as meritless Kerrigan's contention that the district court lacked subject matter jurisdiction over this case. *See* 28 U.S.C. § 1331 (granting jurisdiction over civil actions arising under federal law)."[25] Kerrigan petitioned for a panel rehearing, which the Ninth Circuit denied on October 4, 2018.[26] Kerrigan then petitioned the United States Supreme Court for certiorari, which was denied on April 29, 2019.[27]

## D. Kerrigan Attempted to Delay Foreclosure By Filing for Bankruptcy.

Shortly after Kerrigan filed her initial complaint, and in another attempt to stop the pending foreclosure sale, Kerrigan filed a bankruptcy action on September 8, 2016 ("**First Bankruptcy Action**").[28] On November 14, 2016, the Bankruptcy Court dismissed the case for failure to participate or follow court deadlines,[29] and closed it on December 8, 2016.

Just a week later, on December 15, 2016—also mere days after the dismissal of the District Court Action—Kerrigan filed her second bankruptcy action to stop the newly-noted trustee's sale (16-16219-TWD) ("**Second Bankruptcy Action**").[30] In doing so, Kerrigan listed her "purported creditors" as "WAMU / Chase / Bayview."[31] Kerrigan's original plan also listed Bayview as a creditor, and stated that the remaining funds available after the designated monthly payments would go to Bayview.[32] In response, Bayview timely filed a Proof of Claim on April 6,

---

Ex 10 (ER 152 in Ninth Circuit Case No. 17-35174 (Order Denying Plaintiff's Motion for Post-Judgment Relief))].
[23] *Kerrigan v. Qualstar Credit Union*, 728 Fed. Appx. 787 (9th Cir. June 29, 2018).
[24] *Kerrigan v. Qualstar Credit Union*, 728 Fed. Appx. 787 (9th Cir. June 29, 2018).
[25] *Kerrigan v. Qualstar Credit Union*, 728 Fed. Appx. 787 (9th Cir. June 29, 2018).
[26] *Kerrigan v. Qualstar Credit Union*, No. 17-35174, 2018 U.S. App. LEXIS 28176 (9th Cir. Oct. 4, 2018).
[27] *Kerrigan v. Qualstar Credit Union*, 2019 U.S. LEXIS 3124, __ S.Ct. __, 2019 WL 955416 (Apr. 29, 2019).
[28] *In re Kerrigan*, 2018 Bankr. LEXIS 3607 at *2 fn. 2 (B.A.P. 9th Cir. Nov. 7, 2018) ("On September 8, 2016, Ms. Kerrigan filed a bankruptcy case to stop the pending foreclosure sale (Bankr. Case No. 16-14638-TWD). The case was dismissed on November 14, 2016, due to Ms. Kerrigan's failure to participate or follow the court deadlines.").
[29] *Id.*
[30] RJN Ex. 1 [APP. 1-10 (Dkt. No. 1 - Voluntary Pet. for Individuals Filing for Bankr.)].
[31] RJN Ex. 1 [APP. 1-10 (Dkt. No. 1 - Voluntary Pet. for Individuals Filing for Bankr.)] at p. 9.
[32] RJN Ex. 1 [APP. 11-15 (Dkt. No. 27 - Original Chapter 13 Plan) at p. 2, 5].

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 6
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 6 of 13

2017.[33] On May 19, 2017, Kerrigan filed a Second Amended Plan stating that she would file an adversary complaint against Bayview.[34] On June 7, 2017, the Bankruptcy Court confirmed Kerrigan's Second Amended Chapter 13 Plan.[35]

## E. The Bankruptcy Court and Bankruptcy Appellate Panel Rejected Kerrigan's Arguments.

On May 12, 2017, during the pendency of the Ninth Circuit appeal of the District Court Action, Kerrigan filed an adversary action in the Bankruptcy Court ("**Adversary Action**").[36] Kerrigan alleged that Bayview unlawfully attempted to collect on her Note and enforce the attendant DOT in a number of ways, all of which were because the DOT was allegedly unenforceable.[37] The thrust of the "new" complaint and its causes of action were entirely duplicative of the District Court Action.[38] The Bankruptcy Court found that the causes of action were indeed duplicative of the District Court Action and dismissed the Adversary Action on the basis of res judicata.[39] In doing so, the court noted the following related to the underlying Note and DOT (as alleged by Kerrigan):

- Ms. Kerrigan owns a parcel of real property in Seattle. In February of 2008 she refinanced the loan secured against the Seattle property with Washington Mutual. Bayview Loan Servicing, LLC, which I'll refer to as "Bayview," is the assignee of the WAMU deed of trust.[40]
- M&T Bank is alleged to be a potential servicer of the loan. The Federal Home Loan Mortgage Corporation is alleged to be the owner of the note and deed of trust.[41]
- To the extent M&T Bank or the Federal Home Loan Mortgage Corporation are the servicer or the owner of the WAMU note and deed of trust, their interests are substantially aligned with, if not identical to, Bayview's.[42]

---

[33] RJN Ex. 1 [APP. 118-151 (Dkt. No. 92-12 - Paatalo Decl. Ex. 12)].
[34] RJN Ex. 1 [APP. 62-66 (Dkt. No. 50 - Second Amended Plan) at p. 5].
[35] *See In re Kerrigan*, No. 16-16219-TWD (Bkr. W.D. Wash. June 7, 2017) (Dkt. No. 55 - Order Confirming Chapter 13 Plan).
[36] RJN Ex. 1 [APP. 16-23 (Dkt. No. 44 – (Complaint for Rescission of Loan and Avoidance of Lien as to the Bankruptcy Estate) ("Adversary Complaint"))].
[37] RJN Ex. 1 [APP. 20-22 (Dkt. No. 44, ¶¶ 26-44 (Adversary Complaint))].
[38] *See* RJN Ex. 2 [Bayview RJN Exs. 1-4.]
[39] RJN Ex. 1 [APP. 231-244 (Dkt. No. 97 - Soldato Decl. Ex C, Tr. of Adversary Hearing 27:24-40:3)].
[40] RJN Ex. 1 [APP. 232-233 (Dkt. No. 97 - Soldato Decl. Ex C, Tr. of Adversary Hearing 28:21-29:1)].
[41] RJN Ex. 1 [APP. 237 (Dkt. No. 97 - Soldato Decl. Ex C, Tr. of Adversary Hearing 33:23-25)].
[42] RJN Ex. 1 [APP. 239 (Dkt. No. 97 - Soldato Decl. Ex C, Tr. of Adversary Hearing 34:1-5)].

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 7
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 7 of 13

Kerrigan proceeded to file another appeal, this time of the Adversary Action to this Court, Case No. 17-1271.

On November 7, 2018, the Bankruptcy Appellate Panel for the Ninth Circuit affirmed the dismissal the Adversary Action as proper.[43] In doing so, it affirmed a lawful foreclosure process by Bayview.[44] It also noted that "Kerrigan did not point to any Bankruptcy Code section or applicable state law that would allow her to void WAMU's lien using § 544."[45] With respect to the underlying facts of the WAMU note and DOT, any such avoidance claims "failed because the WAMU deed of trust was recorded and therefore constructive notice was given under Wash. Rev. Code § 65.08.030."[46]

**F. The Bankruptcy Court Overruled Kerrigan's Objections to Bayview's Claim and Dismissed the Bankruptcy.**

On October 24, 2018—after Kerrigan's challenge to the Note failed in the District Court/Ninth Circuit Action (and very shortly after the Ninth Circuit denied a rehearing on October 4, *see* Dkt. 43), the First Bankruptcy Action, and the Adversary Action—she reverted back to the **Second Bankruptcy Action** and filed an objection to Bayview's Proof of Claim, ***566 days*** after Bayview filed its Proof of Claim. In her objection, she essentially raised the same standing objections as she did before the four other courts.[47] In excuse for her delayed filing, Kerrigan argued that the "standing issues which…form[ed] the basis for this declaration only came to light after Ms. Kerrigan undertook a 2004 examination of the claimant earlier this

---

[43] RJN Ex. 1 [APP. 245-262 (Dkt. No. 97 - Soldato Decl. Ex. E ("Memorandum"))].
[44] RJN Ex. 1 [APP. 253-254 (Dkt. No. 97 - Soldato Decl. Ex. E ("Memorandum")), p. 8-9 ("The court reasoned that the district court's dismissal of the claims in the state court complaint with prejudice established that Bayview and Quality's notice of trustee's sale did not violate the FDCPA, the WCAA, or CPA. Moreover, *inherent in the district court's judgment was the determination that Bayview and Quality's foreclosure was lawful.* The bankruptcy court stated that if Ms. Kerrigan believed that Bayview's foreclosure was problematic, either because it lacked the right to enforce the WAMU deed of trust and note or because the WAMU deed of trust and note was void since it had been rescinded, those claims should have been raised in the previous lawsuit.") (emphasis added)].
[45] RJN Ex. 1 APP. 255 [(Dkt. No. 97 - Soldato Decl. Ex. E ("Memorandum")) at p. 10].
[46] RJN Ex. 1 APP. 256 [(Dkt. No. 97 - Soldato Decl. Ex. E ("Memorandum")) at p. 11].
[47] RJN Ex. 1 [APP. 72-77 (Dkt. No. 90 - Amended Objection to Proof of Claim Number 1)].

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 8
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 8 of 13

year"—which Kerrigan did not request until November 15, 2017 (over a year after filing the Second Bankruptcy Action),[48] but the Bankruptcy Court ordered on November 20, 2017,[49] and Kerrigan did not take the corporate depositions until June 28, 2018. Further, Kerrigan ignored the material fact that she had been litigating and losing the standing issue since the District Court Action.

On December 7, 2018, the Bankruptcy Court overruled Kerrigan's objection.[50] In doing so, it held:

> But in significant part, it largely boils down to the fact the debtor has been litigating these issues for years in multiple courts and has been universally unsuccessful. The debtor lost in the district court and lost her appeal of that decision at the Ninth Circuit. The debtor then started over in this court in Adversary Proceeding No. 17-01075, which I will refer to as "the adversary." The debtor lost the adversary, which was dismissed with prejudice, and lost her appeal of that decision at the Ninth Circuit Bankruptcy Appellate Panel. Now the debtor raises essentially the same type of standing issue that was included in the adversary as a claims objection. That can't be permitted.

On December 7, 2018, the Trustee moved to dismiss the bankruptcy *because of Kerrigan's material default with regard to a plan term*,[51] and the Bankruptcy Court dismissed the case on February 8, 2019 and issued a Notice of Dismissal.[52] While Kerrigan filed a Notice of Appeal to appeal the overruling of her objection on December 21, 2018,[53] and explained in her briefing that her "appeal is grounded solely in the bankruptcy court's lack of subject matter jurisdiction" App. Br. at 1, she did not appeal the dismissal of the entire case, which is now final.[54]

---

[48] RJN Ex. 1 [APP. 67-69 (Dkt. No. 68 - Ex Parte Application for Rule 2004 Examination And Production of Documents)].
[49] RJN Ex. 1 [APP. 70-71 (Dkt. No. 70 - Ex Parte Order Authorizing 2004 Examination of Bayview)].
[50] RJN Ex. 1 [APP. 353 (Dkt. No. 99 - Order Overruling Debtor's Objection to Claim No. 1)].
[51] RJN Ex. 1 [APP. 354-356 (Dkt. No. 100 - Trustee's Motion to Dismiss Case)].
[52] RJN Ex. 1 [APP. 360 (Dkt. No. 113 Order Dismissing Case); APP. 361 (Dkt. No. 114 - Notice of Dismissal)].
[53] RJN Ex. 1 [APP. 357-358 (Dkt. No. 107 - Notice of Appeal)].
[54] As such, even if Kerrigan were to prevail on appeal, she failed to appeal the dismissal of the bankruptcy in its entirety and thus there is nothing to remand to.

AMENDED MOTION FOR RELIEF FROM
AUTOMATIC STAY - 9
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 9 of 13

### G. After four separate actions—including two bankruptcy filings—Kerrigan filed bankruptcy for the third time to delay foreclosure.

On May 15, 2019—twelve days after Bayview responded to her opening brief in the appeal pending before the Bankruptcy Appellate Panel in the Ninth Circuit—Kerrigan filed another bankruptcy under Chapter 7. Bk. No. 2:19-bk-11828-TWD ("**Third Bankruptcy Action**"). Two days after that, Kerrigan's counsel notified the various courts and the parties that "I am no longer Mr. Kerrigan's attorney" and requested an extension of time to file the Reply Brief to allow time for "the Chapter 7 trustee determine whether he wants to pursue the appeal." RJN Ex. 3. On June 10, 2019, the Bankruptcy Appellate Panel in the Ninth Circuit suspended this appeal in light of the automatic stay invoked by Kerrigan's Chapter 7 filing, while also noting that the appeal may be moot in light of the dismissal of the Second Bankruptcy Action. RJN Ex. 4.

## IV. ARGUMENT

This Court should put a stop to Kerrigan's abuse of the bankruptcy system by her serial filings and grant relief from the stay to allow: (1) the Bankruptcy Appellate Panel to rule on Kerrigan's third appeal in case number BAP No. WW-18-1341; and (2) Bayview to proceed with foreclosure on the property, along with any other remedy reasonable and appropriate to collect the debt. "The Bankruptcy Code imposes on debtors and their attorneys an ethical duty not to abuse the judicial system." *In re Kinney*, 51 B.R. 840, 844 (Bankr. C.D. Cal. 1985). "To allow the mortgagee to manipulate the judicial process through needless delays of the foreclosure is a fraud on creditors." *In re Kinney*, 51 B.R. 840, 844-45 (Bankr. C.D. Cal. 1985) (citing *In re Bystrek*, 17 Bankr. 894 (Bankr. E.D. Pa. 1982)). Specifically, it is an abuse of bankruptcy system to file a series of bankruptcies without the intent or ability to reorganize financial abilities or effectuate a realistic repayment plan. *In re Kinney*, 51 B.R. 840, 844-45 (Bankr. C.D. Cal. 1985); *see also In re Jones*, 289 B.R. 436 (serial bankruptcies may be evidence of bad faith); *Aurora Loan Servs. v. Amey (In re Amey)*, 314 B.R. 864, 867 (Bankr. N.D. Ga 2004).

To avoid such abusive practices, the Bankruptcy Code mandates "the court **shall** grant relief from the stay provided under subsection (a) of this section…with respect to a stay of an act

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 10
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 10 of 13

against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved…multiple bankruptcy filings affecting such real property." 11 USCS § 362(d)(4)(B) (emphasis added); *Ramirez v. Nationstar Mortg. LLC (In re Ramirez)*, 2016 Bankr. LEXIS 4242 (9th Cir. B.A.P. Dec. 2, 2016); *see also* 11 USCS § 362(d)(1) (mandating relief for cause). "When a court grants relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4), it gives creditors *in rem* relief from the automatic stay such that the order is binding in any bankruptcy case filed in the next two years purporting to affect the same real property." *In re Dorsey*, 476 B.R. 261, 265 (Bank. C.D. Cal. 2012) (citing 11 U.S.C. § 362(d)(4), (b)(20)).

To lift a stay, the Court should find that (1) the debtor's bankruptcy filing was part of a scheme; (2) that was intended to delay, hinder or defraud the creditor; and (3) in involved multiple bankruptcy filings (or transfers) affecting real property. *In re Dorsey*, 476 B.R. 261, 265-66 (Bank. C.D. Cal. 2012). In regards the first element, "a scheme has been defined as 'an intentional artful plot or plan to ***delay, hinder*** or defraud creditors[,]" *In re Dorsey*, 476 B.R. 261, 266 (Bank. C.D. Cal. 2012)) (emphasis added) (quoting *In re Duncan & Forbes Development, Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2006)), and courts have viewed the absence of a change in the debtor's circumstances between filings and the strategic timing of filings as evidence of a scheme.[55] Likewise, in regards to the second element, courts have found an intent to hinder or delay where debtors have strategically timed their filings to forestall adverse action against their property.[56]

Here, this Court should grant relief from the automatic stay because all requirements for relief are satisfied. First, the circumstances reveal that Kerrigan's serial filings in the District Court, Bankruptcy Court, Ninth Circuit, and the Bankruptcy Appellate Panel constitute a broader

---

[55] *See, e.g., In re Lee*, 467 B.R. 906, 921 (B.A.P. 6th Cir. 2012); *In re Montalvo*, 416 B.R. 381, 388 (Bankr. E.D. N.Y. 2009); *In re Tejal Inv., LLC*, 2012 Bankr. LEXIS 576 at *18-19, 2012 WL 6186159 (Bankr. D. Utah Dec. 12, 2012); *In re Briggs*, No. 12-bk-14853, 2012 Bankr. LEXIS 4120, *13-15 (Bankr. N.D. Ill. Aug. 31, 2012); *In re Macaulay*, No.11-07382-DD, 2012 Bankr. LEXIS 3290 at *7, 2012 WL 2919154 (Bankr. S.D. S.C. July 16, 2012).
[56] *See, e.g., In re Tejal Inv.*, LLC, 2012 Bankr. LEXIS 5760, 2012 WL 6186159; *Smith*, 395 B.R. at 719; *Briggs*, 2012 Bankr. LEXIS 4120 at *15; *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D. N.Y. 2009).

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 11
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 11 of 13

scheme to delay or hinder Bayview's efforts at finalizing the foreclosure. Nothing has changed in the last three years since Kerrigan first instigated the delay by litigation—she continues to remain in possession of a mortgage-free house simply by refiling the same claims in various venues. Her first two bankruptcies, the first conveniently filed immediately before a scheduled foreclosure sale and the second filed shortly thereafter, were dismissed due to her own failures to follow deadlines or her previously agreed-upon plan. *See supra*. Indeed, even the reasons for the repeated dismissals of her claims—based on res judicata grounds—reveal her attempts to simply regurgitate previously-rejected claims simply to forestall Bayview's efforts. Bayview has also repeatedly established its interest in the Note and thus the legal right to the secured real property. *See supra* Part III. Thus, in accordance with well-established bankruptcy laws, her actions demonstrate a complete inability "to reorganize financial abilities or effectuate a realistic repayment plan," and are a patent abuse of the system. *In re Kinney*, 51 B.R. 840, 844-45 (Bankr. C.D. Cal. 1985), which the Courts have held to be an abuse of the system. The stay should be lifted.

## V. CONCLUSION

This Court should lift the stay because Kerrigan's serial, conveniently-timed, and previously rejected claims constitute an abuse of the Bankruptcy System.

DATED September 10, 2019.

By: *s/ Anthony Soldato*
Anthony C. Soldato, WSBA No. 46206
Gregor A. Hensrude, WSBA No. 45918
KLINEDINST PC
701 5th Ave, Suite 1220
Seattle, WA 98104
Tel: (206) 682-7701
Email: ghensrude@klinedinstlaw.com
Email: asoldato@klinedinstlaw.com
Attorneys for Bayview Loan Servicing, LLC

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 12
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 12 of 13

# CERTIFICATE OF SERVICE

I, Riley Curtis-Stroeder, hereby certify that on the date below, I electronically filed the foregoing with the U.S. Bankruptcy Court, Western District of Washington, using the CM/ECF system and mailed true copies thereof by United States Mail, enclosed in a sealed envelope, with postage paid to the following parties of record:

Kim Kerrigan
8011 9th Ave Northwest
Seattle, Washington 98117

DATED this 10 day of September, 2019, at Seattle, Washington.

By: *s/Riley Curtis-Stroeder*
Riley Curtis-Stroeder, Legal Assistant

18077357.1

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY - 13
[19-11828-TWD]

Klinedinst PC
701 Fifth Ave., Ste. 1220
Seattle, WA 98104

Case 19-11828-TWD    Doc 33    Filed 09/10/19    Ent. 09/10/19 17:53:21    Pg. 13 of 13