HON. TIMOTHY W. DORE
Chapter 7
Location: Seattle
Hearing Date: October 4, 2019
Hearing Time: 9:30 a.m.
Response Date: September 27, 2019

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| In re:<br><br>KIM C. KERRIGAN,<br><br>Debtor(s). | Case No. 19-11828-TWD<br><br>**REPLY IN SUPPORT OF AMENDED MOTION ON BAYVIEW'S REQUEST FOR RELIEF FROM AUTOMATIC STAY** |

## I. INTRODUCTION

This Court should grant relief of the automatic stay because Debtor Kim Kerrigan ("Kerrigan")'s latest bankruptcy filing is filed solely for the purpose of delaying Bayview Loan Servicing LLC ("Bayview")'s right to proceed with foreclosure proceedings, and as such constitutes an impermissible abuse of the bankruptcy system. Her continuing scheme to misapply legal issues and theories, including discovery processes permitted in prior bankruptcy cases, and delay the inevitable foreclosure sale of her home continues in her "opposition" filings. Instead of owning up to the issues, she fails to refute her prior actions of misuse of process or provide any indication that she actually would pay her obligations under the existing, admitted mortgage loan.

Thus, the Court should grant the motion and relief from stay associated with this bankruptcy should be lifted so Bayview can rightfully proceed with the relief made possible by

REPLY IN SUPPORT OF AMENDED MOTION ON
BAYVIEW'S REQUEST FOR RELIEF FROM
AUTOMATIC STAY - 1
[19-11828TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Telephone: (206) 682-7701 Fax: (206) 682-7449

Case 19-11828-TWD    Doc 39    Filed 10/01/19    Ent. 10/01/19 14:35:26    Pg. 1 of 5

at least four other courts. The trustee's sale is currently on hold pending this Court's determination of the stay issue, as is the appeal currently pending on one of this court's orders in the previous bankruptcy before the Bankruptcy Appellate Panel.

## II. ARGUMENT IN REPLY

### A. DEBTOR KERRIGAN DOES NOT REFUTE WITH ADMISSIBLE EVIDENCE THAT HER PRIOR FILINGS WERE MISUSE OF THE BANKRUPTCY SYSTEM.

Kerrigan tries to recast her prior arguments about chain of title against Creditor and other entities. Instead of providing evidence, she still claims that "The Debtor is not in default, rather, she is challenging the alleged creditor's standing as the real party in interest. Bayview has consistently failed to prove this fact." (Opposition, p. 8) Such contradictory contentions, amongst many others, seem to prove (again) to this Court that she doesn't actually intend to comply with any orders of the Court to properly administer her estate and doesn't refute that she did not comply with prior orders on payment plans, especially as related to the real property at issue in her mortgage loan. Additionally, she provides no evidence that even if the Court refuses to lift the stay, which it should not, that she will still comply with the Court order by permitting the trustee will liquidate the Property for the benefit of the estate.

### B. CHAIN OF TITLE AND NOTE HOLDER/OWNERSHIP HAS BEEN LITIGATED AND IS PRECLUDED FROM RE-LITIGATION.

This Court (and many others) have already reviewed the legal history of note ownership and holder in due course. As such, Kerrigan has no arguments related to current ownership of the Note or process related to prior assignments. Moreover, as part of this stay request, Bayview has provided, as servicing agent, the requisite evidence to foreclose and obtain relief from stay. (ECF 17, and ECF 23, RJN Ex. 1-APP. 1-10:Dkt. No. 1 - Voluntary Pet. for Individuals Filing for Bankr. at p. 9)

While Kerrigan has litigated numerous issues related to her prior foreclosure and even attempted to make adversary claims, she remains confused about the legal differences amongst

REPLY IN SUPPORT OF AMENDED MOTION ON
BAYVIEW'S REQUEST FOR RELIEF FROM
AUTOMATIC STAY - 2
[09-11828TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Telephone: (206) 682-7701 Fax: (206) 682-7449

Case 19-11828-TWD    Doc 39    Filed 10/01/19    Ent. 10/01/19 14:35:26    Pg. 2 of 5

the prior parties who she actually tried to make claims against in state court, federal court, and then the latest in a prior bankruptcy proceeding. But, Kerrigan's ignorance of the legal relationships or the underlying note history and servicing relationships does not actually respond to the merits of this request: to terminate the stay because Debtor has obligations due for payments dating back to 2011 and nothing about the filed Chapter 7 will help to cure that default.

Most importantly, on December 7, 2018, this Bankruptcy Court overruled Kerrigan's objection to the mortgage loan claims.[1] In doing so, it held:

> But in significant part, it largely boils down to the fact the debtor has been litigating these issues for years in multiple courts and has been universally unsuccessful. The debtor lost in the district court and lost her appeal of that decision at the Ninth Circuit. The debtor then started over in this court in Adversary Proceeding No. 17-01075, which I will refer to as "the adversary." The debtor lost the adversary, which was dismissed with prejudice, and lost her appeal of that decision at the Ninth Circuit Bankruptcy Appellate Panel. Now the debtor raises essentially the same type of standing issue that was included in the adversary as a claims objection. That can't be permitted.

On December 7, 2018, the Trustee moved to dismiss the bankruptcy ***because of Kerrigan's material default with regard to a plan term***,[2] and the Bankruptcy Court dismissed the case on February 8, 2019 and issued a Notice of Dismissal.[3]

## C. A CREDITOR'S PROOF OF CLAIM IS NOT MANDATED BY THE CODE OR ORDER OF THIS COURT.

This Court has not mandated any filing of a proof of claim by Bayview in any order of relief in this case. Most importantly, Debtor claims that without the proof of claim that this request should be denied but that miscomprehends the proof of claim process. Bayview had no obligation to file a proof of claim.

Moreover, Bayview properly substantiated its right to proceed in various filings and court rulings against Debtor which have been well documented before this court. And a lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim anyway. Fed. R. Bankr. P. 3002(a). So, regardless of filing any proof of claim, this

---

[1] RJN Ex. 1 [APP. 353 (Dkt. No. 99 - Order Overruling Debtor's Objection to Claim No. 1)].
[2] RJN Ex. 1 [APP. 354-356 (Dkt. No. 100 - Trustee's Motion to Dismiss Case)].
[3] RJN Ex. 1 [APP. 360 (Dkt. No. 113 Order Dismissing Case); APP. 361 (Dkt. No. 114 - Notice of Dismissal)].

REPLY IN SUPPORT OF AMENDED MOTION ON
BAYVIEW'S REQUEST FOR RELIEF FROM
AUTOMATIC STAY - 3
[0911828TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Telephone: (206) 682-7701 Fax: (206) 682-7449

Case 19-11828-TWD    Doc 39    Filed 10/01/19    Ent. 10/01/19 14:35:26    Pg. 3 of 5

Creditor has ample legal and factual support to substantiate its stay request.[4]

Debtor is wholly ignorant of the actual legal requirements and makes specious claims (again) regarding title.[5]  As such, the Court should enter an order terminating the stay.

### III.     CONCLUSION

This Court should lift the stay because Kerrigan's serial, conveniently-timed, and previously rejected claims constitute an abuse of the Bankruptcy System.  The Creditor has a permitted claim that should be permitted to avoid the stay and proceed with foreclosure forthwith.

DATED this 1st day of October, 2019.

By: *s/Gregor Hensrude*
Gregor A. Hensrude, WSBA No. 45918
Anthony C. Soldato, WSBA No. 46206
KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, WA  98104
Phone:   (206) 682-7701
Email:    ghensrude@klinedinstlaw.com
Email:    asoldato@klinedinstlaw.com
Attorneys for Bayview Loan Servicing, LLC

---

[4] Bayview provided ample information in this case and prior cases including that the movant has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). The various exhibits supporting the motion and amended motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

[5] While her specious claims about title at least have tangential relevance to the issues at hand, her claims of criminal conduct are not, and will not be addressed.  Bayview and its counsel have repeatedly prevailed on this issues before numerous courts, including the appeal that is currently being held up by this stay.

REPLY IN SUPPORT OF AMENDED MOTION ON
BAYVIEW'S REQUEST FOR RELIEF FROM
AUTOMATIC STAY - 4
[0911828TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Telephone: (206) 682-7701   Fax: (206) 682-7449

# CERTIFICATE OF SERVICE

I, Riley Curtis-Stroeder, hereby certify that on the date below, I electronically filed the foregoing with the U.S. Bankruptcy Court, Western District of Washington, using the CM/ECF system, and mailed true copies thereof via the method(s) indicated below, enclosed in a sealed envelope, with postage paid to the following:

Kim Kerrigan
8011 9th Ave Northwest
Seattle, Washington 98117

☐ E-Service via the Court
☐ E-Service Agreement with counsel
☐ E-Mail (courtesy copy)
☐ Certified U.S. Mail
☒ First Class U.S. Mail
☐ Facsimile
☐ Legal Messenger
☐ Federal Express

DATED this 1st day of October, 2019, at Seattle, Washington.

*s/Riley Curtis-Stroeder*
Riley Curtis-Stroeder, Legal Assistant

18104871.1

---

REPLY IN SUPPORT OF AMENDED MOTION ON
BAYVIEW'S REQUEST FOR RELIEF FROM
AUTOMATIC STAY - 5

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Telephone: (206) 682-7701 Fax: (206) 682-7449